Peter C. Partnow, ABA No. 7206029
LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-264-3317
Facsimile:  907-276-2631
Email:  PartnowP@lanepowell.com
Attorneys for Plaintiff
Ahtna Professional Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AHTNA PROFESSIONAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.B. HARRIS AND COMPANY, a District of Columbia corporation, and CYNTHIA B. HARRIS, individually, <br><br> Defendants. | Case No. 3:17-cv-00015-SLG <br><br> **COMPLAINT** |

COMES NOW Plaintiff Ahtna Professional Services, Inc., by and through its attorneys, and for its complaint against Defendants states and alleges as follows:

### NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE

1. Nature of Action.  This is an action to enforce the terms of an Asset Purchase Agreement and to recover damages owed to Plaintiff as the result of the breach of that Agreement, for violation of the Alaska Unfair Trade Practices and Consumer Protection Act, A.S. 45.50.471-.561 ("UTPA"), and for other damages and relief to which Plaintiff is entitled.

2. Plaintiff.  Plaintiff Ahtna Professional Services, Inc. is a corporation organized under the laws of the State of Alaska.  Its headquarters are located in Anchorage, Alaska.

3. Defendants.  Defendant C.B. Harris and Company ("C.B. Harris") is a District of Columbia corporation whose business is providing security, data conversion and analysis, records organization, and records digitization to governmental agencies and businesses. Defendant Cynthia B. Harris is and has been the President/Owner of Defendant C.B. Harris.  She

resides in the District of Columbia. Harris also became the marketing manager employed by Plaintiff on or about March 15, 2015, until her employment was terminated by Plaintiff on or about September 14, 2016.

4. <u>Controlling Law</u>. This action is governed by the laws of the State of Alaska.

5. <u>Jurisdiction</u>. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332.

6. <u>Venue</u>. Venue lies in the United States District Court for the District of Alaska in Anchorage, Alaska, pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTS

7. Commencing in 2014, the parties entered into discussions preparatory to Plaintiff purchasing all of the outstanding stock of Defendant C.B. Harris.

8. Upon determination that rather than a stock purchase, Plaintiff would purchase a substantial portion of the assets of Defendant C.B. Harris and employ Defendant Cynthia Harris as its marketing manager on or about March 15, 2015, the parties entered into an Asset Purchase and Sale Agreement.

9. Under the Asset Purchase and Sale Agreement, it was the understanding and anticipation of the parties that Defendants would promptly obtain novation of CB Harris' various contracts, so that Plaintiff could obtain revenues and profits which were anticipated under those contracts and that Plaintiff would obtain additional contracts and opportunities under the novated contracts. It was also anticipated that with the employment of Cynthia Harris as Plaintiff's marketing manager, she would develop additional business opportunities for Plaintiff.

10. While it was Defendants' responsibility to promptly obtain novation of the various contracts which were covered by the Asset Purchase Agreement, this did not occur. Defendants did not diligently and reasonably pursue the required novation. While it was anticipated that the required novations would be accomplished promptly after the March 15, 2015 effective date of the Asset Purchase Agreement, as of the summer of 2016, this still had not occurred.

11. Due to the failure of Defendants to proceed as anticipated by the parties, the C.B. Harris contracts which Plaintiff was to acquire no longer were of value to Plaintiff, and the opportunities which were to be obtained by Plaintiff were lost.

**Complaint**
*Ahtna Professional Services, Inc. v. C.B. Harris & Co., et al.* **(Case No. 3:17-cv-00015-SLG)**     Page 2 of 5

Case 3:17-cv-00015-SLG   Document 1   Filed 01/19/17   Page 2 of 5

12. In addition to the lost value of the assets which were to be purchased by Plaintiff, Plaintiff also incurred a loss in excess of the jurisdictional minimum for this Court as the result of the purchase price paid to C.B. Harris and paying expenses on behalf of Defendants in anticipation of acquiring the assets which were to be purchased and the promised performance of Defendants.

## COUNT I
### BREACH OF CONTRACT: C.B. HARRIS AND COMPANY

13. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

14. Defendant C.B. Harris breached the Asset Purchase Agreement and other contractual obligations to Plaintiff.

15. As the result of C.B. Harris' breach, Plaintiff incurred damages in excess of the jurisdictional minimum for this Court, the exact amount to be determined at trial.

## COUNT II
### BREACH OF CONTRACT: CYNTHIA B. HARRIS

16. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

17. Defendant Cynthia B. Harris breached her employment contract and other promises extended to Plaintiff.

18. As the result of Defendant Cynthia B. Harris' breaches, Plaintiff incurred damages in excess of the jurisdictional minimum for this Court, the exact amount to be determined at trial.

## COUNT III
### UNJUST ENRICHMENT: C.B. HARRIS AND COMPANY

18. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

19. Plaintiff has paid Defendant C.B. Harris the purchase price which it promised to pay under the Asset Purchase Agreement, except for a final payment of $10,000 which is not due until March 1, 2017. In addition, in reliance on performance which was required under the Asset

**Complaint**
*Ahtna Professional Services, Inc. v. C.B. Harris & Co., et al.* **(Case No. 3:17-cv-00015-SLG)**     Page 3 of 5

Case 3:17-cv-00015-SLG   Document 1   Filed 01/19/17   Page 3 of 5

Purchase Agreement, Plaintiff has paid additional expenses to or on behalf of Defendant C.B. Harris.

20. Defendant C.B. Harris has been unjustifiably enriched by the amounts paid by Plaintiff to or on behalf of Defendant C.B. Harris.

21. Defendant C.B. Harris is required to repay to Plaintiff all amounts by which it has been unjustly enriched, which amounts include, but are not limited to the purchase price paid by Plaintiff, and all expenses paid by Plaintiff to or on behalf of Defendant C.B. Harris, in an amount exceeding the jurisdictional minimum of this Court, the exact amount to be determined at trial.

## COUNT IV

### UNJUST ENRICHMENT: CYNTHIA B. HARRIS

22. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

23. Plaintiff has made payments to Defendant Cynthia B. Harris or to others on behalf of Defendant Cynthia B. Harris.

24. Defendant Cynthia B. Harris has been unjustifiably enriched by the amounts paid by Plaintiff to or on behalf of Defendant Cynthia B. Harris.

25, Defendant Cynthia B. Harris is required to repay to Plaintiff all amounts by which she has been unjustifiably enriched by Plaintiff, in an amount to be determine at trial.

## COUNT V

### VIOLATION OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT: CB HARRIS & COMPANY AND CYNTHIA HARRIS

26. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

27. Defendants violated the UTPA, AS 45.50.471-.561, when they engaged in the unfair and deceptive acts, including but not limited to acts identified in AS 45.50.471(a) and 45.50.471(b)(3),(4),(6), (8),(11), (12) and (14).

28 At all relevant times, the parties were engaged in the conduct of trade or commerce.

29. As a result of the conduct described above, Defendants damaged Plaintiff in an amount to be determined at trial.

## COUNT VI

## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

30. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

31. Defendants' actions as described herein are in breach of the covenant of good faith and fair dealing implied in every contract.

32. Plaintiff has been damaged by Defendants' breach of the covenant of good faith and fair dealing in an amount to be determined at trial.

## PRAYER FOR RELIEF

NOW, WHEREFORE, Plaintiff requests the following relief:

1. A money judgment jointly and severally against Defendants for compensatory damages in an amount exceeding the jurisdictional minimum of this Court.

2. An order relieving Plaintiff of the obligation to pay any previously unpaid portion of the purchase price identified in the Asset Purchase Agreement to Defendants.

3. A money judgment jointly and severally against Defendants for all amounts by which each or both of them have been unjustly enriched.

4. A money judgment for treble damages, pursuant to the UTPA, jointly and severally, against Defendants.

5. An award of prejudgment interest, costs, and attorney's fees against Defendants jointly and severally.

6. Such other and further relief as may be just and equitable.

DATED this 19th day of January, 2017.

        LANE POWELL LLC
        Attorneys for Plaintiff s

        By  s/ Peter C. Partnow
           Peter C. Partnow, ABA No. 7206029

128842.0012/6855770.1